J-A28006-24

2025 PA Super 89

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISIAH MICKEALS | : | |
| | : | |
| Appellant | : | No. 182 EDA 2024 |

Appeal from the PCRA Order Entered December 7, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000701-2013

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

OPINION BY PANELLA, P.J.E.:                    **FILED APRIL 16, 2025**

Isiah Mickeals appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his second amended Post Conviction Relief Act (PCRA) petition (Petition) as untimely. Mickeals argues, with the support of the Philadelphia County District Attorney's Office (DAO), that he is entitled to a new trial based on newly-discovered facts. Upon our invitation, the Pennsylvania Office of the Attorney General (OAG) filed an *amicus curiae* brief in support of the PCRA court's ruling. After careful review, we affirm.[1]

---

[1] We commend the Honorable Barbara A. McDermott of the Court of Common Pleas of Philadelphia County, First Judicial District, for the comprehensive and well-founded Order and Opinion dated December 7, 2023, necessarily written without the benefit of an adversarial brief from the Commonwealth.

We briefly state the facts surrounding Mickeals's underlying conviction. *See Commonwealth v. Mickeals*, No. 3564 EDA 2014, 2015 WL 7354689, at \*1–2 (Pa. Super. filed Nov. 20, 2015) (unpublished memorandum) (*Mickeals I*). On September 5, 2012, around 12:30 a.m., Maria Davilla and Jose Ortiz were standing on the steps of Ortiz's home located at 15th Street and Allegheny Avenue. Mickeals approached them on a bicycle. He pointed a gun at Davilla and told her to drop her bag. Ortiz intervened and pleaded with Mickeals. Mickeals shot Ortiz in his chest and fled on a bicycle. Ortiz later died of his gunshot wound.

Philadelphia police officers arrived at the scene. At that time, Davilla provided a general description of the perpetrator. In the ensuing days, the police received numerous statements from members of the community that a man named "Zeke" was the murderer. Police also recovered surveillance video footage that depicted a man riding his bike away from the scene of the crime minutes after police received the 911 call.

On September 15, 2012, the police received information about where "Zeke" was located and what clothing he was wearing. That same day Officer Jonathon Switaj approached Mickeals, who matched the description, and when asked by Officer Switaj, identified himself as "Zeke." Mickeals was taken into custody.

Mickeals waived his *Miranda* rights and gave a statement admitting to the murder and identifying himself as the man riding the bike in the surveillance video. Mickeals claimed that he was unaware that his gun was

- 2 -

loaded and that it went off. That same day, Davilla identified Mickeals in a photo array. Davilla unconditionally identified Mickeals three more times— from a lineup on December 11, 2012, at the preliminary hearing on January 16, 2013, and at trial.

On November 21, 2014, Mickeals was convicted of second-degree murder, two counts of robbery, carrying a firearm without a license, and possession of an instrument of crime. On that same day, he was sentenced to life in prison without the possibility of parole.

On direct appeal, Mickeals claimed his statements to police should have been suppressed because he was arrested without probable cause and the evidence was insufficient to sustain his convictions. This Court affirmed the judgment of sentence. **See Mickeals I**, at *1. On April 11, 2016, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

On March 30, 2017, Mickeals filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed a petition seeking to withdraw and a **Turner**/**Finley**[2] letter. The PCRA court permitted counsel to withdraw and dismissed the petition without a hearing.[3] This Court affirmed because Mickeals waived the single issue he argued by failing to raise it on direct

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court *sua sponte* vacated the sentence on one count of robbery because that count should have merged with second degree murder. **See** PCRA Court Opinion, 8/3/17, at 1 n.1.

appeal.[4] *See Commonwealth v. Mickeals*, No. 2813 EDA 2017, 2018 WL 3341846, at *1-2 (Pa. Super. filed July 9, 2018) (unpublished memorandum) (*Mickeals II*).

The present appeal concerns Mickeals's second amended PCRA petition. On July 19, 2022, Mickeals filed a second *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition on February 2, 2023. In the Petition, Mickeals argued, *inter alia*, that he was entitled to a new trial because of newly-discovered facts which constituted *Brady*[5] violations. The newly-discovered facts were Detective Philip Nordo's misconduct and subsequent criminal convictions and the discovery of a note in the DAO's case file which indicated that a witness, Robert Baker, had identified a different suspect, i.e., "Jay," as the shooter, at the time of the initial investigation. The DAO filed a response in which it "concede[d] that the Baker note and its accompanying documents were not passed to the defense prior to trial and could not have been discovered prior to the September 2022 file review." DAO Response, 7/5/23, at 11. Further, the DAO asserted that Mickeals was entitled to a new trial based on the cumulative effect of the undisclosed Baker note and Detective Nordo's misconduct. *See id.* at 13-16.

---

[4] The issue raised by Mickeals was that "the Confrontation Clause of the Sixth Amendment was violated when the trial court permitted testimony indicating that Malcom Ransom, who did not testify, gave a statement to the police wherein he identified [Mickeals] as the perpetrator of the shooting." *Mickeals II*, at *2.

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).

An evidentiary hearing was scheduled by the PCRA court for October 6, 2023. At the hearing, Mickeals asserted that he had an agreement with the DAO that nondisclosure of the Baker note was a ***Brady*** violation and that he was entitled to a new trial. ***See*** N.T., 10/6/23, at 4. The PCRA court expressed its concern that there was a lack of evidence surrounding the Baker note, including the identity of the author of the note, and that it was Mickeals's burden to establish who wrote it. ***See id.*** at 5-8. Mickeals's counsel responded that it was not his burden to establish that, and the material in the file and the note itself were sufficient to establish that Robert Baker was the potential witness. ***See id.*** at 8-9. The PCRA court reiterated that it need not accept any agreement between Mickeals and the DAO and that Mickeals had the burden to establish that his Petition was timely. ***See id.*** at 12-13. Further, the PCRA court explained that Mickeals failed to present evidence to support his claim regarding Detective Nordo. ***See id.*** at 18-22. Despite these cautionary and instructive directions provided by the PCRA court, Mickeals did not present any evidence at the scheduled hearing, nor ask for any continuance in order to present evidence at a future hearing.

On December 7, 2023, the PCRA court issued an order and opinion dismissing Mickeals's Petition as untimely. Mickeals appealed.

On appeal, the DAO filed a brief agreeing with Mickeals's position and advocating for a new trial on the issues stated above.[6] Out of concern over

_____

[6] The DAO maintained that the remaining issues presented by counsel for Mickeals warranted no relief.

the clear disagreement over the applicable law by the PCRA court and the DAO, and because of the lack of an advocate's brief on the issues cited above, we invited the OAG to review this case and decide whether to file an *amicus curiae* brief. The OAG accepted our invitation and filed a brief in support of the PCRA court's order and opinion.[7] Mickeals filed a brief in response to the OAG's *amicus curiae* brief.

Mickeals raises two issues for our review.

[1.] Whether the Commonwealth violated **Brady** and prejudiced [Mickeals] by suppressing a witness statement that identified an alternative suspect?

[2.] Whether the Commonwealth violated **Brady** when it failed to turn over material evidence of Det. Nordo's prior misconduct?

Appellant's Brief, at viii (suggested answers omitted).

We begin by restating well settled law regarding a petition filed pursuant to the Post Conviction Relief Act. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

_____

[7] The DAO petitioned to file a sur-reply brief concerning factual statements regarding the DAO's open file policy and its knowledge of a 2005 incident where Detective Nordo committed a crime of sexual violence. We denied the petition observing that this was not a request to file a legal brief but an attempt to add to the factual record, stating "that the [DAO] elected to present no evidence at the PCRA hearing when this evidence could have been entered into the record." Order, 3/26/25 (*per curiam*).

- 6 -

expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The period for seeking discretionary review with the United States Supreme Court is 90 days after the order of the Pennsylvania Supreme Court denying discretionary review. *See Commonwealth v. Fantauzzi*, 275 A.3d 986, 995 (Pa. Super. 2022).

The Pennsylvania Supreme Court denied discretionary review on April 11, 2016. The judgment became final 90 days later on July 11, 2016, and the period for filing a timely PCRA petition expired on July 11, 2017. Therefore, Mickeals's Petition, filed on July 19, 2022, is facially untimely.

A court has jurisdiction to review a facially untimely PCRA petition if the petition alleges, and the petitioner proves one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

This Court examines PCRA appeals "viewed in the light most favorable to the prevailing party . . . ." ***Commonwealth v. Murchison***, 328 A.3d 5, 17 (Pa. 2024). "The petitioner bears the burden to prove, by a preponderance of the evidence, that he or she is eligible for PCRA relief." ***Id***. It is well established that review under the PCRA has jurisdictional limitations. Therefore, questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*. ***Commonwealth v. Chester,*** 895 A.2d 520, 522 n.1 (Pa. 2006). "As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error." ***Commonwealth v. Fahy,*** 959 A.2d 312, 316 (Pa. 2008). Our "scope of review is limited to the findings of the PCRA court and the evidence **on the record of the PCRA court's hearing**, viewed in the light most favorable to the prevailing party, in this case, the Commonwealth. ***Id.*** (emphasis added) (citations omitted).

The PCRA timeliness requirements are jurisdictional in nature. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016). Accordingly, "[i]f a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims." ***Commonwealth v. Wharton***, 263 A.3d 561, 570 (Pa. 2021) (citation omitted). "[I]t is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016) (citation omitted). "Whether a petitioner has carried his burden

is a threshold inquiry that must be resolved prior to considering the merits of any claim." *Id.* (citation omitted). "In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect." *Commonwealth v. Smith*, 244 A.3d 13, 17 (Pa. Super. 2020) (citing *Commonwealth v. Balance*, 203 A.3d 1027, 1033 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1044 (Pa. 2019)).

Initially, the OAG asserts that Mickeals did not meet his burden in establishing timeliness because he produced no evidence at the evidentiary hearing. *See* OAG Brief, at 20. Further, the OAG argues that jurisdiction could not be established through the parties' agreement that the claim was timely. *See id.* at 23-25.

We agree with the OAG that Mickeals failed to meet his burden to establish timeliness by not presenting any evidence at the evidentiary hearing.[8] It is axiomatic that a party fails to meet their burden if they do not present any evidence. Mickeals's failure to present any evidence that a timeliness exception applied deprived the PCRA court of jurisdiction and was

_____

[8] At the evidentiary hearing, Mickeals marked and identified exhibits regarding the Baker note and the case file in which it was found. *See* N.T., 10/6/23, at 5, 13, 16, 26-28. However, Mickeals never moved for the exhibits to be admitted into evidence, nor did counsel for Mickeals call any witness to identify the exhibits. *See generally* N.T., 10/6/23. To be considered by the PCRA court, the exhibits had to be moved into evidence. *See Commonwealth v. Snowden*, 330 A.3d 422, 428 (Pa. Super. 2025) (*en banc*) ("Exhibits that are merely marked for identification and submitted by the offering party do not constitute evidence on which a finder of fact can rely. Rather, it is fundamental and essential that . . . a document must be offered to and admitted by the court before it may be considered evidence." (internal citations, quotation marks, brackets, and ellipsis omitted)).

- 9 -

fatal to his Petition. Further, the PCRA court could not be ordained with jurisdiction through an agreement between Mickeals and the DAO. **See Smith**, 244 A.3d at 17. Therefore, the PCRA court correctly concluded that it lacked jurisdiction and dismissed the Petition.

Regardless, Mickeals's claims do not meet the newly-discovered fact exception. To invoke the newly-discovered fact time-bar exception the petitioner must establish that "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." **Commonwealth v. Staton**, 184 A.3d 949, 955 (Pa. 2018) (citation omitted). The facts must be newly-discovered not merely "newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020) (*en banc*) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019) (citation omitted).

For his first claim, Mickeals argues that the Commonwealth violated **Brady** and prejudiced him by not turning over a written statement allegedly in the DAO file, i.e., a note indicating that a witness, Robert Baker, gave an alleged statement, taken the day after the murder, that "Jay" was the shooter. **See** Appellant's Brief, at 6. Mickeals argues that this meets the newly-discovered fact exception because the Petition was filed within one year of

appointed counsel discovering the statement in the DAO's case file. *See id.* at 7-8. He argues that he did exercise due diligence by sending letters to the Conviction Integrity Unit of the DAO (CIU) requesting a file review. *See id.* at 8. Further, he argues that his ability to access the DAO's case file is irrelevant because the DAO had an affirmative *Brady* obligation to reveal the witness statement to him. *See id.* at 9-14. Lastly, he claims that the DAO's admissions to the PCRA court that it violated *Brady* and that Baker's witness statement is material are newly-discovered facts. *See id.* at 14-16.

Conversely, the OAG argues that Mickeals's claim regarding the witness statement in his case file does not meet the newly-discovered fact exception because trial counsel was aware that there was another potential suspect and, because the DAO had an open file policy, Mickeals could have discovered the statement through due diligence. *See* OAG Brief, at 25-30.

We are unconvinced by Mickeals's argument. Mickeals tries to bypass his requirement of establishing the newly-discovered fact exception by asserting that the Commonwealth violated *Brady* in not turning the note over to him. This misses the point. At this stage, we are not to consider the merits of the underlying *Brady* claim unless Mickeals can establish an exception to the PCRA's jurisdictional time-bar. *See Robinson*, 139 A.3d at 186; *see also Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (explaining that a PCRA petitioner must first meet the statutory exceptions of the timeliness requirements before the merits of their *Brady* claim can be considered). Thus, whether the DAO violated *Brady* by failing to turn over the Baker note is

- 11 -

irrelevant in determining whether Mickeals has satisfied the newly-discovered fact exception.

In considering whether Mickeals exercised due diligence in reviewing the DAO's case file, *Stokes*, is instructive. In *Stokes*, the petitioner was convicted of first-degree murder in 1983 and later sentenced to death. *Stokes*, 959 A.2d at 308. In 2004, during federal habeas proceedings, Stokes's counsel sought and received records from United States Postal Service (USPS) and the Philadelphia Police Department Homicide Division (PPD). *Id.* at 309. Stokes then filed his second PCRA petition asserting that the Commonwealth violated *Brady* by failing to disclose exculpatory documents in the USPS and PPD files. *Id.* The PCRA court denied the petition without a hearing because it was untimely. *Id.* Our Supreme Court affirmed because Stokes failed to establish a statutory exception to the PCRA time-bar. *Id.* at 311-12.

The Court explained that Stokes did not exercise due diligence "because the record established that [Stokes] was aware of the existence of the USPS and the PPD files for years before he sought them." *Id.* at 310. Further, Stokes could not rely on the merits of his *Brady* claim to establish a statutory exception to the PCRA time-bar. *See id.* at 310-12.

Here, Mickeals failed to meet his burden to prove he exercised due diligence. Even though the DAO maintains an open file policy, Mickeals failed to assert that he ever requested or attempted to review the DAO's case file

prior to filing his second *pro se* PCRA petition in July 2022.[9] Thus, Mickeals failed to explain "why he could not have learned the new facts earlier with the exercise of due diligence." ***Sanchez***, 204 A.3d at 526 (citation omitted). Additionally, Mickeals presented no testimony or affidavit whatsoever that prior PCRA counsel, or even trial counsel, did not know of the written note referring to Baker. There is also nothing in the record that the trial prosecutor did not turn over this note, or reveal its contents, to trial counsel.

In conclusion, there is no factual record or basis to establish the requirements of the newly-discovered fact exception.

In his next claim, Mickeals argues that the Commonwealth violated ***Brady*** by not turning over information regarding Detective Nordo's misconduct towards witnesses and defendants in other cases.[10] ***See***

---

[9] In his brief, Mickeals refers to a series of letters that he sent to the DAO's CIU from March 18, 2019, to July 25, 2022. ***See*** Appellant's Brief, at 8. The letters were attached as exhibit F to Mickeals's October 4, 2023, memorandum of law in support of his Petition. However, when given the opportunity to have an evidentiary hearing, Mickeals never made the CIU letters part of the record for the PCRA court to consider. ***See generally*** N.T., 10/6/23. Notwithstanding Mickeals's failure to make the CIU letters part of the record, the letters merely requested that CIU review Mickeals's case in light of Detective Nordo's misconduct. ***See*** Memo. of Law, 10/4/23, at 14 (unpaginated), Ex. F. Mickeals never requested permission for himself or counsel to review the case file in accordance with the DAO's open file policy. ***See id.***

[10] In his brief, Mickeals mentions that the newly-discovered fact was that the DAO was aware of Detective Nordo's misconduct as early as 2005. ***See*** Appellant's Brief, at 35-37. However, in his Petition, Mickeals never mentions that that the newly-discovered fact regarding Detective Nordo was the DAO's knowledge of his misconduct as early as 2005. ***See generally*** Petition. By omitting it from his petition, Mickeals failed to plead and prove that such
*(Footnote Continued Next Page)*

Appellant's Brief, at 34-35. Mickeals asserts that he testified at his suppression hearing in 2014 that he falsely confessed because of Detective Nordo assaulting and threatening him. *See id.* at 35. Further, Mickeals argues that he exercised due diligence by writing letters to the DAO requesting information on Detective Nordo. *See id.* at 39-40. Additionally, Mickeals argues that his claim is timely under the newly-discovered fact exception because his claim was filed within one year of Detective Nordo's criminal trial and conviction on June 1, 2022. *See id.*

The OAG argues that Mickeals failed to plead or prove that Detective Nordo's misconduct was unknown to him, and that he raised the claim within a year of the date it could have been presented, because Nordo's misconduct was publicly known as early as April 2017, and Mickeals conceded this by criticizing his first PCRA counsel for not investigating Nordo in 2017.[11] *See*

_____

information constituted a newly-discovered fact. Further, although in his brief he seemingly suggests that the newly-discovered fact was the DAO's knowledge of Detective Nordo's misconduct as early 2005, he primarily argues that the newly-discovered fact was the witnesses' testimony at Detective Nordo's criminal trial. *See* Appellant's Brief, at 51-52. Therefore, we see no need to address whether the revelation that the DAO knew of Detective Nordo's misconduct as early as 2005 constituted a newly-discovered fact.

[11] In his Petition, Mickeals raised a claim that his first PCRA counsel, back in 2017, was ineffective for not investigating and raising a claim about Detective Nordo's misconduct. *See* Petition, at ¶¶ 49-56. Specifically, Mickeals alleged "PCRA Counsel should have known about this revelation regarding a prominent homicide detective, which should have prompted further investigation into this issue because of Detective Nordo's critical role in this case." *Id.* at ¶ 53. Interesting, but not surprising because it defeats his argument that Detective Nordo's misconduct that was testified to at Nordo's criminal trial constitutes a newly-discovered fact, Mickeals does not raise this claim on appeal.

OAG Brief, at 30-31 (citing Petition, at ¶¶ 15, 51-53). Further, the OAG argues Detective Nordo's conviction in 2022 was not a new fact and Mickeals was previously on notice about Detective Nordo's misconduct based on Mickeals's own allegations and the misconduct being publicly known. **See id.** at 32-33. Lastly, the OAG argues that he could not satisfy his burden of proof by merely attaching exhibits to his untimely petition. **See id.** at 33.

We recently addressed an identical newly-discovered fact claim regarding Detective Nordo's misconduct. In **Commonwealth v. Butler**, No. 914 EDA 2024, 2024 WL 5166093, at *1 (Pa. Super. filed Dec. 19, 2024) (unpublished memorandum),[12] Butler filed a facially untimely PCRA petition asserting that Detective Nordo engaged in sexual misconduct to secure his statement and that his petition met the timeliness exception because Detective Nordo's conviction was a newly-discovered fact. **See id.** at *1-3. In **Butler**, we rejected this argument and affirmed the PCRA court's dismissal of his petition as untimely. **See id.** at *5. We explained:

> We agree with the PCRA court's conclusion. Appellant asserted the written statement he provided to police in March 2012 was the product of Detective Nordo's sexual misconduct. As the subject of Detective Nordo's alleged sexual advances, Appellant was aware of the sexual misconduct at that time. The new "fact" of Detective Nordo's conviction in an unrelated case cannot now provide Appellant a new basis for relief. Further, to the extent Appellant claims Detective Nordo's conviction establishes the detective engaged in a pattern or practice of sexual misconduct, that "fact" constitutes, at best, "newly-uncovered information pertinent to

---

[12] Unpublished memorandums filed after May 1, 2019, may be cited for their persuasive value. **See** Pa.R.A.P. 126(b).

previously known facts[.]" [***Commonwealth v.*** ]***Branthafer***, 315 A.3d [113,] 130 [(Pa. Super. 2024)]. Appellant therefore failed to plead and prove the newly-discovered fact exception at subsection 9545(b)(1)(ii).

***Id.*** at *4.

The same reasoning applies here. Mickeals's assertion that his confession in 2014 was due to Detective Nordo's misconduct towards him contradicts his claim that he was unaware of Detective Nordo's misconduct until Nordo's criminal conviction in 2022. Further, Detective Nordo's misconduct towards witnesses and defendants was first made public in 2017 and again when he was arrested in 2019. In his second *pro se* PCRA Petition filed on July 19, 2022, Mickeals alleged that it was in 2017 "when Detective Nordo's misconduct came to light, and he was fired from the Philadelphia Police Department as a Homicide detective." ***See*** PCRA Petition Memo., 7/19/22, at 7 (unpaginated). The testimony at Detective Nordo's trial about his misconduct towards witnesses and defendants was at best, "newly-uncovered information pertinent to previously known facts[.]" ***Branthafer***, 315 A.3d at 130. Such new sources of previously known facts do not satisfy the newly-discovered fact exception. ***See Maxwell***, 232 A.3d at 745. Therefore, Mickeals's claim is without merit.

Lastly, even if Mickeals's Petition were timely, his ***Brady*** claims would not warrant relief. "***Brady*** and its progeny dictate that, when the failure of the prosecution to produce material evidence favorable to the accused raises a reasonable probability that the result of the trial would have been different if the evidence had been produced, due process has been violated and a new

trial is warranted." ***Commonwealth v. Blakeney***, 108 A.3d 739, 772 (Pa. 2014) (citation omitted). "[A] ***Brady*** claim requires a petitioner to show (1) the prosecutor has suppressed evidence, (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant." ***Cox***, 146 A.3d at 229 (citations and internal quotation marks omitted). "The burden rests with the [petitioner] to prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." ***Blakeney***, 108 A.3d at 772 (citation omitted). "In the PCRA context, a petitioner must demonstrate that the alleged ***Brady*** violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Smith***, 17 A.3d 873, 887-88 (Pa. 2011) (citation and internal quotation marks omitted).

Mickeals has not presented any evidence to establish that the prosecution suppressed the Baker note. Further, we fail to see how the truth-determining process was undermined. Mickeals was unconditionally identified by an eyewitness multiple times, he matched the description of the person on the surveillance footage, and he voluntarily confessed to the murder.[13]

---

[13] At a pre-trial suppression hearing, Mickeals asserted that he was assaulted by Detective Nordo, and his statement was coerced. ***See*** PCRA Court Opinion, 12/7/23, at 12. The suppression court found Mickeals not credible and that he gave his statement voluntarily. ***See id.*** Notably, "Sergeant Wilkins was also present for [Mickeals's] interview and testified that [Mickeals] provided the answers which were written down as they were provided." ***Id.*** (record citations omitted).

Additionally, as the OAG points out, *Brady* does not require the prosecution to disclose every fruitless lead during an investigation; especially where the defendant is identified by an eyewitness. *See Moore v. Illinois*, 408 U.S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. Here, the elusive 'Slick' was an early lead the police abandoned when eyewitnesses to the killing and witnesses to Moore's presence at the Ponderosa were found."); *see also Commonwealth v. Crews*, 640 A.2d 395, 406 (Pa. 1994) ("The mere existence of other suspects is not evidence favorable to the accused[.]") (internal quotation marks omitted). Therefore, Mickeals's *Brady* claim regarding the Baker note is without merit.

Mickeals's *Brady* claim regarding Detective Nordo also would not warrant relief. Mickeals argued that the newly-discovered fact regarding Detective Nordo was witnesses' testimony at Detective Nordo's trial in 2022. The testimony at Detective Nordo's trial of course could not have been suppressed since it did not exist at the time of Mickeals's trial. Thus, this *Brady* claim does not warrant relief.

In sum, Mickeals's Petition was facially untimely, and he failed to prove the applicability of the newly-discovered facts exception to the time-bar. Therefore, the PCRA court lacked jurisdiction to consider the Petition and jurisdiction could not be conferred on the PCRA court through an agreement with the DAO. Moreover, even if Mickeals were able to establish the

applicability of the timeliness exception, neither of Mickeals's **_Brady_** claims warrant relief. Therefore, the PCRA court correctly dismissed Mickeals's Petition. Accordingly, Mickeals is due no relief and the PCRA court's order is affirmed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/16/2025